RECEIVED
JUL 01 2009
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
__SOUTHERN__ DIVISION

09 JUL -1 PM 3:59

LAURA A. BRIGGS
CLERK

DENNIS BARKER )
      Plaintiff, )
)
)
)
v. )   **1:09-cv-0818 DFH-TAB**
)   CAUSE NO. _____
)
DEANNA HENDERSON, )
RICK SCHWARTZ, )
SALLY CLARK, AND )
CLAIR RETEK )
      Defendants. )

**PRISONER COMPLAINT**
42 U.S.C. 1983

A. PLAINTIFF

1. __Dennis Barker_____, D.O.C# __114850__

2. I am held at the Miami Correctional Facility

3. The address is 3038 w 850 South, Bunker Hill, In 46914-9810

4. Did the things you are suing about happen in the place listed above

    [X]  Yes, it happened in the same facility I am being held at today.

    [ ]  No, it happened at _____

5. Did the things that you are suing about, happen:

    [ ]  Before you were confined, or

    [ ]  When you were confined awaiting trial, or

    [X]  After conviction while confined serving a sentence.

B. Defendant(s) how many defendants are you suing: __Four (4)__

E-2 Rev. 8-06

Defendants Name/ Job Title/ Government Agency        Work Address

Defendant Deanna Henderson, is employed with the Aramark Food Service Corporation and by contract with the Indiana Department of Correction as a Food Service Supervisor, at Miami Correctional Facility, whom overall legal responsiblities varies as instructed by the Director or Assistant Director of food service. She is also designated as the food service diet coordinator. She is being sued in her individual and official capacities.

Defendant Rick Schwartz, is employed wit the Aramark Food Service Corporation and by contract with the Indiana Department of Correction as Assitant Food Service Director, at Miami Correctional Facility. He is legally responsible for the operation, management, and supervision of the food service department and the employees under his supervision. He is being sued in his individual and official capacities.

Defendant Sally Clark, is employed with Aramark Food Service Corporation and by contract with the Indiana Department of Correction as Director of Food Service, at Miami Correctional Facility. She is legally resposible for the overall operation of the food service department at this facility. She is being sued in her individual and official capacities.

Defendant, Clair Retek, is employed with the Indiana Department of Correction as Administrative Assistant, whom overall legal responsibilities varies as instructed by the Facility Head, including the designated responsibility as Grievance Coordinator, here at Miami Correctional Facility. She is being sued in her individual and official capacities.

**All Defendants have acted under color of state law during all times relevant to this complaint.**

## II GRIEVANCE PROCEDURE

A. Is there a prisoner grievance system that would allow you to file a grievance about the things you are suing about?

[xx] Yes          [ ] No

B. If yes, did you file a grievance about the things you are suing about?

[xx] Yes

[ ] No

If No, explain why.

_____   _____

_____   _____

## III CAUSE OF ACTION WITH SUPPORTING FACT

Write why you are suing each defendant. Write whom, what, where, and how you believe your rights were violated. It is very important that you use each defendant's name in describing what happened to you. If you do not write what each defendant did, the Court will not know why you are suing and the defendant will be dismissed.

Explain what constitutional or federal law, right, privileges or immunity each defendant violated. Do not cite or quote case law and/or statutes. If you want to make legal arguments or citations, you must file a separate memorandum of law. Do not attach it to this complaint.

F-2 Rev 8-06

Write a new paragraph for each violation. Name each defendant involved in that violation. Number your Paragraphs. Use additional pages if necessary.

1) On the date of December 8th, 2008, my medical prescribed diet card for which clearly specify "No Onions" a true documented expired. c/o R. Vanwinkle, escorted me from the prisoners dinning hall to (OSB) Health Service Building, to obtain a new issued medical prescribed diet card.

2) On the above-forementioned date, LPN, Lenora Gamble, issued me a new prescribed medical diet card with the order date of September 19th, 2008 thru December 19th, 2008. (Attached as exhibit A)

3) Returning to the prisoners dinning hall on the same above-forementioned date with the newly issued prescribed medical diet card to receive my diet tray meal. Aramark Food Service Supervisor, Deanna Henderson, Stated to me that, although she knew that I've received my prescribed diet since I've been at this facility, she was not gonna honor my diet card because, as far as she was concern my diet order was expired! Defendant Deanna Henderson, whom by her own admission to having prior knowledge of the facts contained in this complaint did deliberately deprive the Petitioner of his medical prescribed diet to his serious medical needs. And as a result of such denial did constitute a violation of the Petitioner's Eighth Amendment Right of the United States Constitution of Cruel and Unusual Punishment and Denial of Medical Care to Serious Medical Needs. (exhibit B Medical Records attached pg. 1, )

E-2 Rev. 8-06

4) On the date of December 9th, 2008, Defendant Deaana Henderson, continued with denyiny me of my medical prescribed diet and informed me that it would take weeks before receiving any new information. However, defendant D. Henderson, then alleged that she had just received information from the medical department that alleged that I had no known allergies. When I requested a copy of the alleged information from defendant D. Henderson, she replied "no".

5) On the same above-forementioned date, I then approached Aramark Food Service Supervisor Ms. K. Hodges, and inquired if she would deliver my lawful request to Aramark Assistant Food Service Director, Rick Schwartz. Mr. Schwartz, appearing to be unhappy with my legal request which is attached to this complaint as exhibit C page 2., took my legal request ti the Administrative Assistant, Clair Retek, who denied my legal request which is attached to this complaint as exhibit C page 1. Although Clair Retek, isn't a legal advisor nor legal representative for Aramark Food Service Corporation because, it is a separate entity from the Department of Corrections. That the actions of defendant Clair Retek, violated policy and procedure of the Deparment of Correction and state law pursuant to the Freedom of Information Act. Defendant Clair Retek's, action also assisted in the denying the Petitioner of his medical prescribed diet after having prior knowledge of the fact contained in this complaint that Petitioner had serious medical needs. And as a result to take corrective action Both the Assistant Food Service Director, Defendant Rick Schwartz and Defendant Clair Retek, violated the Petitioner's Eighth Amendment Rights of the United States Constitution of Cruel and Unusual Punishment and Denial of Medical Care to Serious Medical Needs.

6) Later that evening on the same above-forementioned date, I spoke with LPN, Shuana Erwin, concerning the erroneous information Defendant Deanna Henderson, alleged that she had received from the medical department and LPN, Shuana Erwin, informed me that she would look into it.

7) On the date of December 10th, 2008, I again had the privilege tp speak with LPN, Shauna Erwin, about me still being denied of my prescribed medical diet by defendant Deanna Henderson. LPN, S. Erwin, informed me that she had spoke with the food service supervisor, defendant Deanna Henderson, about the erroneous information and that the matter had been rectified. However, defendant Deanna Henderson, continued to deliberately deny me of my prescribed medical diet base on the erroneous information. And as a result of her actions caused me to suffer low blood sugar readings. After having knowledge of the facts contained in this complaint, did violate the Petitioner's Eighth Amendment Right of Cruel and Unusual Punishment and Denial of Medical Care to Serious Medical Needs.

8) On the date of December 11, 2008, Defendant Deanna Henderson actions had not changed and she continued deliberately denying me of my medical prescribed diet. And as a result of taking all the medication prescribed for my chronic care illness without being able to eat resulted in a ruptured stomach intestine were I experienced a bright red color of blood in my stool when having a bowel movement. Defendant Deanna Henderson, having prior knowledge of the facts contained in this complaint continued to show no regards for the Plaintiff's wealth and did continue to violate the Plaintiff's Eighth Amendment Right of Cruel and Unusual Punishment and Denial of Medical Care to Serious Medical Needs. (Exhibit D pg.1 Medical Records attached).

9) On the date of December 12, 2008, I had a chronic care visit with Doctor Marandet, at which time I informed him that Food Service was denying me of my prescribed diet and as a result of being denied my diet and taking all that medication has caused me to be passing blood in my stool. Doctor Marandet assured me that Food Service was provided with a copy of my prescribed diet order. He then changed my diet from a 2500 ADA with H.S. Snack "No Onions" to a Cardiac diet with H.S. Snack "No Onions". (Exhibit D pg.2 Medical Records attached).

10) On the same date of December 12, 2008, LPN Shuana Erwin, along with LPN lenora Gamble, both informed me that Defendant Deanna Henderson, was informed two (2) days ago that the information she had previously in reference to my diet was not from my medical records but rather from the medical records of offender Kenneth Baker, aand that the Plaintiff Dennis Barker medical records does verify that he has a true allergy to onions. (Exhibit B(2) and exhibit D p.2 medical records attached).

11) Also on the same date of December 12, 2008, after being issued a new prescribed medical diet card, Defendant Deanna Henderson, continued to deliberately deny the Plaintiff of his prescribed medical diet to his serious medical needs. And having knowledge of the facts contained in this complaint did continue to deliberately violate Plaintiff's Eighth Amendment Right of Cruel and Unusual Punishment and Denial of Medical Care to the Plaintiff's Serious Medical Needs. (Exhibit D p.2 and exhibit D (2) Medical Records attached).

12) On the date of December 14, 2008, as a result of being continuously deprived of my medical diet by Defendant Deanna Henderson, I the Plaintiff had to be treated for low blood sugar of 35 which is considered to be dangerously low. Defendant Deanna Henderson, who has constantly showed no concern or regards for the Plaintiff's well being constantly placed Plaintiff's life in harms way as she continued to deliberately deprived the Plaintiff of his medical prescribed diet and violate his Eighth Amendment Right of Cruel and Unusual Punishment and DEnial of Medical Care to Serious Medical Needs.

13) On the date of December 18, 2008, Plaintiff spoke with Aramark Food Service Director, Sally Clark, about being denied of his medical diet by Defendant Deanna Henderson. Defendant Sally Clark, when showed no concern about the problem, was then given a lawful request by the Plaintiff which is attached to this complaint as (exhibit E p.2). The lawful request was again given

to Defendant Clair Retek, who again denied the lawful request which is attached to this complaint as (exhibit E p.1). Defendant Sally Clark, having prior knowledge of the facts contained in this complaint failed to take corrective action and as a result of her failure did violate the Plaintiff's Eighth Amendment Right of Cruel and Unusual Punishment and Denial of Medical Care to Plaintiff's Serious Medical Needs.

14) On the date of December 30, 2008, after being continuously and deliberately deprived of my mediacl prescribed diet by Defendant Henderson, and the other named food service defendants the Plaintiff filed a grievance against the named Aramark Food Service Defendants for denial of medical care to serious medical needs as the defendants were in violation of DOC Policy 04-03-301 Sec. E. Food Service which clearly states; In cases where you need a special diet due to medical conditions, the Health Care staff can order a prescribed diet which will be provided to you." (Both Grievance and Policy is attached to this complaint as exhibit F and F(2)).

15) On the the date of January 30, 2009, after receiving no response concerning my grievance complaint pursuant to Administrative Policy Procedure 00-02-301, I wrote Defendant Grievance Coordinator, Clair Retek, inquiring on the status of my grievance complaint but again, she never responded.

16) On the date of february 02, 2009, Plaintiff suffered another diabetic low blood sugar attack as a result of being continuously deprived of his medical prescribed diet by the named food service defendants. (Health Care Form #39292 is attached to this complaint as exhibit H).

17) on the date of February 09,2009, Plaintiff fowarded a second request to Defendant Clair Retek, again concerning his December 30, 2008, grievance complaint and again received no response. (Request attached to this complaint as exhibit I).

18) On the date of March 06, 2009, Plaintiff forwarded a third request to Defendant Clair Retek, again addressing the concern and status of the December 30, 2008, and again received no response. Defendant Clair Retek, having prior knowledge of the facts contained in (exhibits C,D,E,F p.1-2,F(2) G,H,I,and J) did violate administrative policy procedures when she failed to respond to Plaintiff's grievance depriving him of his right to exhaust his administrative remedies. Defendant Clair Retek, also violated state law when she denied the Plaintiff's lawful request. And as a result of her failures constituted a violation of the Plaintiff's Eighth Amendment Right of Cruel and Unusual Punishment and Denial of Medical Care to Serious Medical Needs. (All exhibits are attached to this complaint).

19) On the date of March 12, 2009, after my chronic care visit with Dr. Marandet, I was issued a new prescribed medical diet card. However, the Named Food Service Defendants continued to deliberately deprive me of my medical prescribed diet after having prior knowledge of the facts contained in Administrative Policy Procedures 04-01-301 Sec. (E) Food Service which is attached to this complaint as exhibit F.

20) On the date of June 17, 2009, Plaintiff was issued a new prescribed medical diet card. And the named Food Service Defendants then and still now deliberately deprive the Plaintiff of his medical prescribed diet after having prior knowledge of the facts contained in IDOC APP 04-01-301 Sec. (E).

**WHEREFORE,** Plaintiff prays that this court after review of the facts contained in this complaint and the attached exhibits supporting this complaint. Find that the named Defendants have violated administrative Policy Procedures, State law, and laws of Constitutional Rights find that the Plaintiff is entitled to the relief sought and all other reliefs the Court deems just and proper in this premises.

Respectfully submitted,

*Dennis Barker*

Dennis Barker #114850
3038 W. 850 South/MCF
Bunker Hill, IN 46914

## IV PREVIOUS LAWSUITS

Have you ever sued anyone for the same things you wrote in this complaint?
[x] NO          [ ] YES- [Print or type the following information about the case]

Court: _____
Judge: _____   Docket Number: _____
Date Filed: _____   Date Closed: _____

## V. RELIEF

Write exactly what you want the court to do for you. This court cannot order that a defendant be fired, investigated, or criminally prosecuted.

1) That the Court after reviewing all the facts and exhibits contained in Plaintiff's complaint, declare that the defendants violated Plaintiff's Eighth Amemdment Rights of Cruel and Unusual Punishment and Denial of Medical Care to Serious Medical Needs.

2) That this Honorable Court respectfully issue an injunction Order compelling the defendants to provide the Plaintiff with the Special medical prescribed diet.

3) That the defendants each are being sued for monetary damages in the sum of $50.000.00

4) That punitive damages be awarded for the Plaintiff's physical suffering at the hands of the defendants and deem appropiate by the court.

## JURY DEMAND

Pursuant to Fed. Civil Procedures Rule 38(b), Plaintiff hereby demands a trial by jury of all triable issues in this case.

*Dennis Barker*
Petitioner *pro se* **Dennis Barker**
DOC # **114850**     LOC: **F-103**
Miami Correctional Facility
3038 W. 850 South
Bunker Hill, IN 46914

E-2 Rev. 8-06

## VI. VERIFICATION AND SIGNATURE

### Initial each Statement and Sign at the Bottom

_____ I have included two properly completed summons forms (available from the clerk) for each defendant I am suing, including full name, job title and work address.

*D.B.* I have included one properly completed process receipt and return form (USM-285) (available from the United States Marshal) for each defendant I am suing.

*D.B.* In addition to this complaint with an original signature, I have included one copy of this complaint for each defendant and one extra for the Court.

*D.B.* I have included full payment of the filing fee or attached a properly completed prison petition to proceed in forma pauperis (available from the clerk) with a copy of my prison trust fund account statement for the six months proceeding the filing of this case.

*D.B.* I agree to promptly notify the clerk of any change in address.

*D.B.* I have read all the statement in this complaint.

*D.B.* I declare under penalties for perjury that the foregoing is true and correct.

Signed this **30th** day of **March** 200**9**

*Dennis Barker*
Petitioner *pro se*  **Dennis Barker**
DOC # **114850**  LOC. **F-103**
Miami Correctional Facility
3038 W. 850 South
Bunker Hill, IN 46914

E-2 Rev. 8-06