**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **DENNIS BARKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )      **No. 3:09 CV 303** |
| | ) |
| **DEANNA HENDERSON,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION and ORDER

Dennis Barker, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and internal citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . .
>
> When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Barker brings federal claims under the Eighth Amendment based on the failure of the food service, Aramark Food Service Corp., at Miami Correctional Facility to provide him a no onion diet. According to the complaint and documents attached to it, Barker suffers from numerous chronic ailments, including heart problems, diabetes, asthma, and hypertension. He is also allergic to onions. He alleges that despite the fact that he was issued a "no onion" diet card by medical personnel, the food service refused to honor this restriction and continued to serve him food containing onions. He alleges that he spoke with Deanna Henderson ("Henderson"), a food service employee, multiple times about this issue and that she was aware of his dietary restriction but still refused to provide him a no onion diet. He also alleges that he spoke with a food service supervisor, Sally Clark ("Clark"), and that she "showed no concern for the problem,"

and did nothing to ensure he received food that complied with his dietary restriction. He further alleges that he filed grievances with prison grievance coordinator Clair Retek ("Retek") making her aware of the situation, but alleges that she did nothing to ensure he received the appropriate diet.

Barker names four defendants: Henderson, Clark, Retek, and food service director Rick Schwartz ("Schwartz"). Barker alleges that as a result of the defendants' actions, he did not have an adequate diet and suffered "a diabetic low blood sugar attack." He further alleges that due to being provided with inadequate food he was required to take the medications prescribed for his chronic illnesses "without being able to eat," which resulted in "a ruptured stomach intestine w[h]ere I experienced a bright red color of blood in my stool."

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter. *Id.* at 832; *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (prisoners have a right to nutritionally adequate diet). Giving Barker the benefit of the inferences to which he is entitled at the pleading stage, he has stated a claim against Henderson and Clark, whom are both alleged to have personal knowledge of his

3

dietary restriction and did nothing to ensure that he was provided an adequate diet in accordance with this restriction, resulting in injury to him.

On the other hand, Barker has not stated a claim against Retek or Schwartz. As for Retek, the Seventh Circuit has made clear that "Section 1983 does not establish a system of vicarious responsibility." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). Here, Retek was responsible for processing the grievances Barker filed about his dietary issues; she cannot be held responsible for the food service's failure to provide him adequate meals. As the Seventh Circuit has explained:

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

*Id.* at 595. Retek did nothing to cause the dietary problem, nor did she stand in the way of its resolution. Her job was to process grievances. "The most one can say is that [Retek] did nothing, when she might have gone beyond the requirements of her job and tried to help him." *Id.* at 596. This does not state a claim under § 1983, since "public employees are responsible for their own misdeeds but not for anyone else's." *Id.* Accordingly, Barker has failed to state a claim against Retek.

As for Schwartz, Barker appears to be raising a claim against him based solely on his position as the food service director, and there is nothing in the complaint to indicate that Schwartz had any personal involvement in these events.

> The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and internal quotation marks omitted). Barker does not allege, and based on this complaint it would not be reasonable to infer, that Schwartz had any personal knowledge of his dietary restriction or the meals he was being served. Instead, the only allegation pertaining to Schwartz is that he is responsible for the oversight of the prison food service. This does not state a claim against him.

Barker also seeks injunctive relief against the defendants requiring them to provide him with adequate meals. However, Barker has notified the court that as of September 30, 2009, he was no longer being housed at Miami Correctional Facility. (DE # 14.) Accordingly, his claims for injunctive relief are moot. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

For the foregoing reasons, the court:

(1) **GRANTS** Dennis Barker leave to proceed against Deanna Henderson and Sally Clark for monetary damages on his Eighth Amendment claim that he was served inadequate quantities of food and food to which he was allergic;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Rick Schwartz and Clair Retek; and

(4) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Deanna Henderson and Sally Clark to the United States Marshals Service along with copies of this order and the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect personal service of process on Deanna Henderson and Sally Clark;

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Deanna Henderson and Sally Clark respond only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: November 17, 2009

 s/James T. Moody_____ _____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT